| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RALPH DIAZ, *et al.*,<br><br>　　　　Defendants. | Case No.  2:20-cv-01890-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 6<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) FILE AN AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO POTENTIAL DISMISSAL OF CLAIMS AND DEFENDANTS<br><br>ECF No. 13<br><br>SIXTY-DAY DEADLINE |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

　　　Plaintiff Allen Hammler is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  His numerous allegations are difficult to summarize; plaintiff has sued at least eleven different defendants for failure to protect, retaliation, and negligence.  The claims are not sufficiently related to proceed in a single action.  I will give him leave to amend his complaint.

　　　Plaintiff has also filed an application to proceed *in forma pauperis*.  ECF No 6.  It makes the required showing and is granted.

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that, on March 9, 2019 and while incarcerated at California State Prison Sacramento ("CSPS"), he witnessed another inmate's murder. ECF No. 13 at 5. He claims that the murder was carried out by members of a prison gang. *Id.* at 5-6. From this event, plaintiff's allegations spiral outward into a series of unrelated claims. Among other things, he alleges that:

1      • On March 11, 2019, defendant Cerda endangered plaintiff by telling another inmate that
2         plaintiff had spoken to prison staff about the murder. *Id.* at 7.
3      • In August and July of 2020, plaintiff forwarded grievance documents to CDCR
4         headquarters in Sacramento that alleged that staff at CSPS were covering up the murder in
5         order to protect staff that had aided and abetted it. *Id.* at 9, 11. Plaintiff alleges that
6         defendants Voong and Diaz were deliberately indifferent in failing to respond to those
7         grievances. *Id.* at 11.
8      • In November of 2019, defendant Burnes, a correctional officer who plaintiff alleges was
9         involved in the murder, threatened plaintiff with death. *Id.* at 14.
10      • In January of 2020, defendants Matta, Dunn, and Navarro declined to implement any
11         additional security measures to protect plaintiff from either the prison gang or the staff
12         members who had threatened him. *Id.* at 18. Instead, Matta orchestrated a retaliatory
13         transfer to Tehachapi State Prison, where plaintiff would be more likely to get killed by
14         members of the prison gang. *Id.* at 19.

These allegations cannot be litigated together.[1] A plaintiff may join multiple defendants in one action only where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Here, plaintiff's claims implicate factually distinct events. The murder in March 2019 might be understood as the precipitating event for all of plaintiff's claims, but that does not make those claims related within the meaning of Rule 20. Whether defendant Cerda endangered plaintiff's life in March 2019 has no factual bearing on whether defendant Matta orchestrated a retaliatory transfer in January of 2020. They are, to use the language of Rule 20, separate "occurrences."

I will give plaintiff leave to amend. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F.

---

[1] I reemphasize that there are more claims in the complaint than those that I have listed.

3

3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I may either recommend dismissal or add or drop parties as justice requires.

Accordingly, it is ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 6) is granted.

2. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.

3. Failure to comply with this order may result in the dismissal of this action.

4. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   March 26, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4