UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>           Plaintiff,<br><br>      v.<br><br>R. DIAZ, *et al.*,<br><br>           Defendants. | Case No.  2:20-cv-01890-JDP (PC)<br><br>ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO EXPEDITE<br><br>ECF No. 18<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIMS AGAINST DEFENDANTS MATTA, DUNN, AND NAVARRO PROCEED AND ALL OTHER CLAIMS BE DISMISSED WITHOUT PREJUDICE<br><br>ECF No. 13<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

I previously screened plaintiff's first amended complaint and advised him that it contains claims that, because they are unrelated, cannot proceed in a single action. I notified him that he could either file an amended complaint including only related claims or stand by the amended complaint, subject to dismissal of the complaint or parties. ECF No. 14. Plaintiff has elected to stand by the amended complaint. ECF No. 17. Instead of dismissing the amended complaint in its entirety, I recommend that plaintiff be permitted to proceed on his First Amendment retaliation

1    claim against defendants Matta, Dunn, and Navarro, and that his remaining claims be dismissed
2    without prejudice.[1]

### Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

---

[1] Plaintiff has also filed a motion to expedite this case. ECF No. 18. In light of my recommendation that this case proceed on his claims against defendants Matta, Dunn, and Navarro, that motion is denied as moot.

**Analysis**

Plaintiff alleges that while he was incarcerated at California State Prison Sacramento ("CSPS"), he witnessed a murder carried out by a prison gang. ECF No. 13 at 5-6. In varying ways, this murder underlies plaintiff's numerous claims. I will not describe each of these claims, but will list a few examples: (1) defendant Cerda endangered plaintiff by telling another inmate that plaintiff had spoken to prison staff about the murder; (2) defendants Voong and Diaz were deliberately indifferent in failing to respond to grievances that claimed CSPS staff was covering up the murder in order to protect the officers who aided and abetted the murder; (3) defendant Burnes, a correctional officer who was allegedly involved in the murder, threatened to have plaintiff killed; and (4) defendants Matta, Dunn, and Navarro declined to implement additional security measures to protect plaintiff from the prison gang and staff members who had threatened him; instead, Matta orchestrated a retaliatory transfer to Tehachapi State Prison, where plaintiff would face a greater risk of being killed by members of the prison gang.

These allegations, while tangentially related to the witnessed murder, are based on discrete sets of facts, each of which concerns only some defendants. As plaintiff was previously notified, his unrelated claims cannot be litigated together. ECF No. 14 at 3; *see* Fed. R. Civ. P. 20(a)(2) (allowing a plaintiff to join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action").

Instead of recommending dismissal, I find that plaintiff should be allowed to proceed on his First Amendment retaliation claims against defendants Matta, Dunn, and Navarro. I recommend that all other claims be dismissed without prejudice so that plaintiff may bring them, if he so wishes, in separate actions. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to expedite this case, ECF No. 18, is denied as moot.

      2. The Clerk of Court is directed to randomly assign a United States District Judge to this case.

      Further, it is RECOMMENDED that:

      1. Plaintiff be permitted to proceed on the amended complaint's First Amendment retaliation claims against defendants Matta, Dunn, and Navarro.

      2. All other claims be dismissed without prejudice and without leave to amend.

      3. If these recommendations are adopted, the matter be referred back to me to initiate service on defendants Matta, Dunn, and Navarro.

      These recommendations will be submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of these findings and recommendations, plaintiff may file written objections with the court.  Any such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   October 28, 2021

JEREMY D. PETERSON  
UNITED STATES MAGISTRATE JUDGE

4