UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, | Case No.  2:20-cv-01890-KJM-JDP (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RALPH DIAZ, *et al.*, | |
| Defendants. | |

Plaintiff has filed a motion seeking a preliminary injunction and a temporary restraining order, ECF No. 31, that seeks to enjoin any attempt by defendants or their agents to transfer him to California State Prison-Corcoran.  He alleges that being sent to Corcoran would hamper his ability to litigate because the legal resources there are insufficient to support his litigation.  *Id.* at 6-7.  Plaintiff also claims that his safety would be endangered at Corcoran because he has a list of correctional officers at that institution whose culpability will be at issue in this case.  *Id.* at 5. Finally, he claims that there a greater number of prison gang members at Corcoran who belong to the gang that allegedly facilitated the murder at the center of this case.  *Id.*

Plaintiff does not meaningfully distinguish his request for a preliminary injunction from his request for a temporary restraining order, and both may be analyzed together.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("[O]ur analysis is substantially identical for the injunction and the TRO.").  "The proper legal standard for

1   preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the
2   merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
3   balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans,*
4   *Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. NRDC, Inc.*, 555 U.S. 7,
5   20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After
6   *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to
7   obtain a preliminary injunction.'") (quoting *Alliance For The Wild Rockies v. Cottrell*, 632 F.3d
8   1127, 1131 (9th Cir. 2011)).

9         Courts in this district have repeatedly denied motions for injunctive relief that seek to
10   enjoin a prisoner's transfer from one institution to another. *See, e.g.*, *Wheeler v. Alison*, No. 1:12-
11   cv-00861 LJO-DLB (PC), 2014 U.S. Dist. LEXIS 71425, *3 (E.D. Cal. May 22, 2014);
12   *Huckabee v. Medical Staff at CSATF*, No. 1:09-cv-00749 LJO-BAM (PC), 2015 U.S. Dist.
13   LEXIS 67895, *4 (E.D. Cal. May 22, 2015); *Hammler v. Dir. of CDCR*, No. 2:17-cv-1949 MCE-
14   DB (P), 2018 U.S. Dist. LEXIS 208176, *4-5 (E.D. Cal. Dec. 7, 2018).  That reluctance is
15   appropriate given that prison administrators are to be accorded "wide-ranging deference" by
16   courts in matters prison policies and practices. *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986).
17   Plaintiff's vague allegations of legal resource insufficiency and threats to his person provide no
18   reason to depart from this precedent.  He fails to name any of the guards or prison gang members
19   at Corcoran who might be a threat to him.  And he has not provided any evidence, beyond his
20   own assertions, that these threats exist.  I note that the events relevant to this case are alleged to
21   have occurred at California State Prison-Sacramento, where plaintiff is currently incarcerated.  He
22   must do more than reference an uncertain number of unnamed threats at Corcoran to make a
23   showing that a transfer to that institution would cause him irreparable harm.[1]

---

[1] Plaintiff does mention an incident at Corcoran in which he suffered substantial injuries at the hands of unnamed correctional officers. ECF No. 31 at 8.  This attack appears to have occurred before plaintiff witnessed the murder at issue in this case and is, thus, not sufficiently related to support an inference of irreparable harm.  Moreover, plaintiff has offered no factual context for this alleged assault, and I cannot tell whether the circumstances that gave rise to it are likely to repeat if he is transferred back.

With respect to his claims about legal resources, numerous prisoners have litigated federal cases while incarcerated at Corcoran, and plaintiff has not explained why it would be impossible to pursue his litigation from that institution. It may be that the facilities at Corcoran are not as modern or as well-equipped as plaintiff would like, but he is entitled only to the access to courts guaranteed by federal law. His allegations, taken as true, do not show that the legal resources or facilities at Corcoran fall below that threshold.

Accordingly, it is RECOMMENDED that plaintiff's motion for preliminary injunctive and for temporary restraining order, ECF No. 31, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 17, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3