UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, | No. 2:20-cv-01890-KJM-JDP (PC) |
| Plaintiff, | |
| v. | ORDER |
| RALPH DIAZ, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. In the motions covered by this order plaintiff seeks injunctive relief and expedited hearing. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 18, 2023, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. F. & R., ECF No. 53. Plaintiff has filed objections to the findings and recommendations, Objs., ECF No. 58, defendants have filed a response thereto, Reply, ECF No. 64, and plaintiff has filed a sur-reply, Sur-Reply, ECF No. 66.[1]

/////

---

[1] Plaintiff has filed a motion to submit a sur-reply contemporaneously with his sur-reply. Mot. Sur-Reply, ECF No. 65. The court **grants** the request and considers the sur-reply.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In the findings and recommendations, the magistrate judge found plaintiff's allegations were vague, did not include specific details and did not point to concrete information on the alleged threats beyond plaintiff's own assertions. F. & R. at 2. Plaintiff's objections, in turn, respond to the findings and recommendations and provide greater detail and include arguments and facts that were not included in the initial motion. *See generally* Objs. The court may exercise its discretion not to consider the evidence and arguments presented for the first time in the objections. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). As the Ninth Circuit observed, "[t]he magistrate judge system was designed to alleviate the workload of district courts" and "[t]o require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (citations omitted). Moreover, the court discourages sandbagging; "it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge." *Id.* (alterations omitted) (quoting *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988)).

The court considers the objections and the sur-reply nonetheless and finds even if plaintiff can show a likelihood of irreparable harm, he has not shown he is entitled to an injunction because he does not argue and has not established the other preliminary injunction factors. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Here, plaintiff does not show, let alone argue he is likely to succeed on the merits, the balance of hardships tip in his favor or that the injunction would be in the public interest. *See generally* Mot., ECF No. 31; Objs. Thus, even if the court were to find

1  plaintiff has shown likelihood of irreparable harm, plaintiff has not shown he is entitled to an
2  injunction at this time. *See Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only
3  on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as
4  an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is
5  entitled to such relief.").

      Finally, the court notes while defendants argue the court does not have jurisdiction to grant injunctive relief because there is no operative complaint, Reply at 4, neither this court nor the magistrate judge has dismissed plaintiff's complaint. While the complaint has not been rescreened under 28 U.S.C. § 1915A, there is an operative complaint. *See* First Am. Compl., ECF No. 13.

      Accordingly, IT IS HEREBY ORDERED that:

      1. The findings and recommendations filed July 18, 2023, are adopted in full.

      2. Plaintiff's motion for preliminary injunctive relief and for temporary restraining order, ECF No. 31, is DENIED.

      3. Plaintiff's motions to expedite ruling filed at ECF Nos. 62 and 67 are DENIED as moot.

      4. This matter is referred back to the assigned magistrate judge for all further pretrial proceedings.

      This order resolves ECF Nos. 31, 53, 62, 65 and 67.

DATED: February 14, 2024.

                                            CHIEF UNITED STATES DISTRICT JUDGE