UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>    Plaintiff,<br><br>v.<br><br>RALPH DIAZ, *et al.*,<br><br>    Defendants. | Case No. 2:20-cv-01890-KJM-JDP (PC)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S MOTION FOR ACCESS TO GLOBAL TEL-LINK BE DENIED<br><br>ECF No. 43<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

    Plaintiff, a state prisoner, filed a complaint alleging a variety of claims related to a prison gang murder that he witnessed. Pending is a motion for preliminary injunction requesting access to a global tel-link. ECF No. 43. I recommend that the motion be denied.

    Plaintiff argues that granting him access to a global tel-link tablet program would allow him to make phone calls and communicate via text message and e-mail. ECF No. 43 at 1. Plaintiff claims that access to this program would allow him to interview and obtain declarations from non-incarcerated witnesses. *Id.* at 4-5.

    "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20

(2008)). "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In addition to establishing irreparable harm, the injunctive relief sought must be related to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). The purpose of a preliminary injunction is "merely to preserve the relative position of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Plaintiff has failed to show that he will suffer irreparable harm if he is not granted injunctive relief. The motion seeks to enhance plaintiff's litigating position rather than to preserve the status quo. Additionally, the underlying litigation is not related to plaintiff's access to the global tel-link system; the underlying litigation relates to constitutional violations that occurred because plaintiff witnessed a murder. *See* ECF No. 13. The requested preliminary injunction thus lies outside the scope of appropriate relief. *See Pac. Radiation Oncology, LLC*, 810 F.3d at 636 (holding that there must be a "sufficient nexus between the request in a motion for injunctive relief and the underlying claim itself").

Accordingly, it is hereby RECOMMENDED that plaintiff's motion for access to global tel-link, ECF No. 43, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __March 4, 2024__   _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE