UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, | Case No. 2:20-cv-01890-KJM-JDP (PC) |
| Plaintiff, | |
| v. | ORDER |
| RALPH DIAZ, et al., | |
| Defendants. | |

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On March 5, 2024, the magistrate judge filed findings and recommendations, which were served on all parties, and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Neither party has filed objections to the findings and recommendations.

    The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court

/////

1  . . . ."). Having reviewed the file, the court adopts the findings in part, but declines to adopt the
2  recommendation.
3        Plaintiff moves the court to issue an order directing the CDCR to grant plaintiff access to
4  the global tel-link. Mot., ECF No. 43. Plaintiff explains he needs access in order to gather
5  documents relevant to this case. Hammler Decl. ¶¶ 5–6. The magistrate judge construed the
6  motion as a motion for preliminary injunction and recommended denying the motion because the
7  underlying litigation does not relate to plaintiff's access to the global tel-link system. F.&R. at 2,
8  ECF No. 70.
9        As the magistrate judge notes, "[w]hen a plaintiff seeks injunctive relief based on claims
10 not pled in the complaint, the court does not have the authority to issue an injunction." *Id.*
11 (quoting *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir.
12 2015)). However, the magistrate judge did not consider whether plaintiff is entitled to relief
13 under the All Writs Act.
14       Under the All Writs Act, "all courts established by Act of Congress may issue all writs
15 necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and
16 principles of law." 28 U.S.C. § 1651. "The power conferred by the Act extends, under
17 appropriate circumstances, to persons who, though not parties to the original action or engaged in
18 wrongdoing, are in a position to frustrate the implementation of a court order or the proper
19 administration of justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977). "Use
20 of the All Writs Act is appropriate in cases where prison officials, not named as defendants,
21 allegedly have taken action that impedes a prisoner's ability to litigate his case." *Aldrich v.
22 Romo*, 493 F. Supp. 3d 853, 856 (C.D. Cal. 2020) (citations omitted) (collecting cases).
23 Accordingly, this matter is **referred back** to the magistrate judge to consider whether plaintiff is
24 entitled to the relief he seeks under the All Writs Act. *See, e.g.*, *Lopez v. Cook*, No. 03-1605,
25 2014 WL 1488518, at *2 (E.D. Cal. Apr. 15, 2014) (directing the prison to provide plaintiff with
26 reasonably long contact visits with counsel under the All Writs Act); *Hammler v. Gooch*,
27 No. 19-00653, 2023 WL 3222652, at *2 (E.D. Cal. May 3, 2023), *report and recommendation*
28 /////

*adopted*, No. 19-00653, 2023 WL 4088645 (E.D. Cal. June 20, 2023) (considering whether defendant is entitled to relief under the All Writs Act).

So ORDERED.

DATED: August 16, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE