1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALLEN HAMMLER,                              Case No.  2:20-cv-1890-DC-JDP (P)

12                Plaintiff,

13        v.                                     FINDINGS AND RECOMMENDATIONS

14   RALPH DIAZ, *et al.*,

15                Defendants.

16

17        Plaintiff, a state prisoner, has two motions for preliminary injunctive relief pending.  ECF

18   Nos. 43 & 79.  For the reasons stated below, both should be denied.

19                          Motion for Global Tel-Link Access

20        In his first motion, plaintiff argues that granting him access to a global tel-link tablet

21   program would allow him to use the phone, send text messages, and receive e-mails from his cell.

22   ECF No. 43 at 4.  He claims such access would allow him to interview and obtain declarations

23   from non-incarcerated witnesses for use in this case.  *Id.* at 4-5.  I previously recommended that

24   this motion be denied because there was insufficient relationship between this request and the

25   claims underlying this suit.  *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d

26   631, 636 (9th Cir. 2015) ("We hold that there must be a relationship between the injury claimed

27   in the motion for injunctive relief and the conduct asserted in the underlying complaint.").  The

28   district judge agreed that such relation was lacking, but referred the matter back to me to consider

                                                 1

whether plaintiff might be entitled to relief under the All Writs Act.  ECF No. 86.  Defendants then requested and received an opportunity to file a supplemental brief on that issue.  That brief was docketed on September 27, 2024.  ECF No. 90.  Plaintiff has filed a response thereto.  ECF No. 92.

The All Writs Act may be invoked in prisoner litigation where non-party correctional officials impede a prisoner's ability to litigate his case.  *See Mitchell v. Haviland*, 2015 U.S. Dist. LEXIS 109106, *5 (E.D. Cal., Aug. 18, 2015) ("Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case.").  Injunctive relief under the All Writs Act "is to be used sparingly and only in the most critical and exigent circumstances."  *Brown v. Gilmore*, 533 U.S. 1301, 1303 (2001) (internal quotation marks omitted).  Here, as defendants point out, there is no allegation that plaintiff is being denied access to court.  Rather, he claims that he needs access to the tablet to correspond with outside benefactors and to coordinate with a private investigator.  ECF No. 43 at 4-5.  It is undoubtedly true that allowing plaintiff access to the tablet would allow him to better litigate his case.  The same analysis would hold true for countless other concessions.  Allowing plaintiff unlimited access to a telephone, unfettered visitor hours, or unrestricted internet access would almost certainly improve his ability to litigate this or any other case.  The failure to grant concessions is distinct from impeding a prisoner's ability to litigate a case.  To hold otherwise would render the Supreme Court's instruction on "critical and exigent circumstances" meaningless.  Plaintiff's lengthy history of litigation indicates that he has access to court and the ability to litigate his claims.  He has failed to show that he is being "impeded" in any material way and this motion should be denied.

<u>Motion for Injunction and Temporary Restraining Order</u>

In a separately filed motion, plaintiff requests an order: (1) prohibiting the administration of anti-psychotic medication, (2) prohibiting his transfer to any hospital for mental health treatment, (3) requiring the production of documents created between April 12, 2024 and May 3, 2024 that relate to plaintiff's safety concerns; and (4) body camera footage from May 30, 2024.  ECF No. 79 at 2-3.  This case was filed in September 2020 and relates to events that occurred at

California State Prison Sacramento in 2019.  ECF No. 13 at 5-6.  The relief sought in this motion for preliminary injunction all concern his present mental health treatment concerns and documentary evidence from Kern Valley State Prison ("KVSP").  ECF No. 79 at 2 (noting that the body camera footage sought is from officers at KVSP).  As previously noted, there "must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint."  *Pac. Radiation Oncology, LLC*, 810 F.3d at 636.  That relationship does not appear to exist here.  If plaintiff wishes to pursue claims related to these issues, he must file a separate case.

Accordingly, it is RECOMMENDED that plaintiff's motion for access to global tel-link, ECF No. 43, and his motion for injunction and temporary restraining order, ECF No. 79, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    November 15, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3