UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>    v.<br><br>RALPH DIAZ, et al.,<br><br>        Defendants. | No.  2:20-cv-01890-DC-JDP (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING MOTIONS FOR INJUNCTIVE RELIEF<br><br>(Doc. Nos. 43, 79, 94) |

Plaintiff Allen Hammler is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

This case was filed September 21, 2020 and relates to events that allegedly occurred in 2019 at California State Prison Sacramento ("CSP-Sacramento"). (*See* Doc. No. 1.) On May 5, 2023, Plaintiff filed a motion for preliminary injunctive relief, specifically requesting the court order prison officials to provide him access to a global tel-link tablet program so he can use the phone, send text messages, and receive emails from his prison cell, which would enable him to interview non-incarcerated witnesses and obtain declarations from them to support his claims in this case. (Doc. No. 43.)

On June 20, 2024, Plaintiff filed a second motion for a preliminary injunction and temporary restraining order seeking relief concerning his present mental health treatment and

1

1    documentary evidence of events in April and May 2024 in Kern Valley State Prison ("KVSP").
2    (Doc. No. 79.)
3         On November 18, 2024, the assigned magistrate judge issued findings and
4    recommendations recommending that both of Plaintiff's pending motions for injunctive relief be
5    denied. (Doc. No. 94.) As to Plaintiff's first motion, the magistrate judge found Plaintiff is not
6    entitled to relief under the All Writs Act because he "failed to show that he is being 'impeded' in
7    any material way" by the non-party prison officials. (*Id.* at 2.) As to Plaintiff's second motion, the
8    magistrate judge explained that because the conduct underlying Plaintiff's complaint in this
9    action concerns events in 2019 at CSP-Sacramento, and the relief Plaintiff seeks in his second
10   motion concerns events that occurred at a different prison over four years later (at KSVP in
11   2024), Plaintiff fails to show the requisite relationship between the injury alleged in the motion
12   for injunctive relief and the conduct alleged in the complaint. (*Id.* at 3.)
13        The pending findings and recommendations were served on the parties and contained
14   notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at
15   3.) On December 19, 2024, Plaintiff filed objections to the pending findings and
16   recommendations. (Doc. No. 95.) Defendants did not file a response thereto or objections of their
17   own.
18        In his objections, Plaintiff makes unfounded and unsupported claims that the magistrate
19   judge is biased against him. (*Id.* at 2–4.) Plaintiff also objects on the grounds that access to the
20   tablets and new technology would make it easier and better for him and other prisoners to litigate
21   their cases, so the court should "evolve to keep up with the times" and grant access to tablets. (*Id.*
22   at 2–3.) The magistrate judge acknowledged that access to the tablets would improve prisoners'
23   abilities to litigate cases. (Doc. No. 94 at 2.) But, as the magistrate judge correctly explained, the
24   legal standard under the All Writs Act provides for injunctive relief where non-party prison
25   officials take action that *impedes* the prisoner's ability to litigate a case; injunctive relief is not
26   appropriate merely because the relief sought would *improve* the prisoner's ability to litigate a
27   case. (*Id.*) (emphasis added). For these reasons, Plaintiff's objections do not provide any basis
28   /////

1 | upon which to reject the findings and recommendations.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on November 18, 2024 (Doc. No. 94) are adopted in full;
2. Plaintiff's motions for injunctive relief (Doc. Nos. 43, 79) are denied; and
3. This matter is referred back to the assigned magistrate judge for further proceedings.


IT IS SO ORDERED.

Dated:   **February 18, 2025**                              _____
                                                             Dena Coggins
                                                             United States District Judge

---

[1] Plaintiff did not advance any objections with regard to his second motion for injunctive relief.

3